Renee SLADE, Plaintiff,

v.

SHEARSON, HAMMILL & CO., INC.,
Defendant.

Edward E. ODETTE, Plaintiff,

v.

SHEARSON, HAMMILL & CO., INC.,
Defendant.

Nos. 72 Civ. 4779, 72 Civ. 4930.

United States District Court,
S. D. New York.

Feb. 26, 1973.

Mordecai Rosenfeld, New York City for plaintiff Slade.

R. Alan Stotsenburg, New York City for plaintiff Odette.

Dewey, Ballantine, Bushby, Palmer & Wood, of New York City for defendant; Russel Beatie, Jr., New York City, of counsel.

ROBERT L. CARTER, District Judge.

## MEMORANDUM OPINION

The present action represents the consolidation previously ordered by this

court of Slade v. Shearson, Hammill & Co., 72 Civ. 4779 and Odette v. Shearson, Hammill & Co., 72 Civ. 4930. In both actions plaintiff classes complained that Shearson, as investment banker to Tidal Marine International Corp., came into possession of material adverse information about Tidal Marine and yet promoted the sale of Tidal Marine stock to plaintiffs for whom Shearson was acting as broker. It is alleged that Shearson acted in violation of the Securities and Exchange Act § 10(b) and Rule 10(b)(5) of the Securities and Exchange Commission (SEC).

Tidal Marine stock had been suspended from trading by the SEC on November 13, 1972 for ten days and that ten day suspension had been successively renewed. On December 12, 1972, prior to the order of consolidation, plaintiff Odette brought on a motion for preliminary injunction because he believed that the ban on trading was about to be lifted. Odette asked that Shearson be required either to reveal to the entire investing public all inside information in its possession *or* to inform all of its customers who purchased Tidal Marine that Shearson was in possession of inside information and cannot disclose such information. The motion was denied at the time because it did not appear that the SEC was indeed about to allow a resumption of trading.

On February 1, 1973 the SEC withdrew its suspension and Odette now renews his request for preliminary relief.[1] The parties were heard on an expedited basis on February 2, 1973 and the court reserved decision on the motion.

The law in this circuit prohibits the issuance of a preliminary injunction unless the moving party is able to demonstrate a likelihood of success on the merits and the possibility of irreparable injury. These standards are not only of longstanding validity but have been consistently reaffirmed. The most recent decisions are Sanders v. Air Line Pilots Assoc., International, 473 F.2d 244 (2d Cir. 1972); A. T. Cross Co. v. Jonathan Bradley Pens, Inc., 470 F.2d 689 (2d Cir. 1972); Stark v. New York Stock Exchange, 466 F.2d 743 (2d Cir. 1972).

The core of plaintiff Odette's complaint is that Shearson should have revealed to the investing public at large[2] the material inside information which came into its possession as a result of Shearson's investment banking relationship with Tidal Marine. Odette has cited no case, and this court cannot independently find any case, which requires a broker to reveal such information.

In Hanly v. SEC, 415 F.2d 589 (2d Cir. 1969) the court emphasized the heavy responsibility assumed by stock brokers. Five brokers had been censured by the SEC because they had sold stock based on their affirmative misrepresentations *and also* because they had failed to search out reasonably ascertainable adverse information. There is some language in Hanly which would seem to support Odette's claim herein.[3] However, it must be remembered that the court was considering a case where brokers had failed to reveal to their customers material adverse *public* information. The court simply did not reach the scope of a broker's responsibility to reveal *inside* information.

Black v. Shearson, Hammill, CCH Fed.Sec.L.Rep. ¶ 92, 528 and Financial Industrial Fund, Inc. v. McDonnell Douglas Corp., CCH Fed.Sec.L.Rep. ¶ 93,004, are likewise unavailing. Neither case stands outright for the propo-

1. Inasmuch as Odette originally sought this relief prior to consolidation, the court has heard his renewal of the motion without considering whether he followed the proper procedures with regard to the role of lead counsel previously assigned.

2. Odette now recognizes that it would have been a clear breach of the law for Shearson to have disclosed material inside information selectively to its customers.

3. "[A broker] must disclose facts which he knows and those which are reasonably ascertainable." 415 F.2d at 597.

sition that a broker is required to reveal to the investing public information he has learned as investment banker. To the extent that dicta or imaginative inference suggests that such a duty exists, it does not begin to approach the "likelihood of ultimate success" which is plaintiff's burden. Saxe v. United States, 471 F.2d 1293 (2d Cir. 1972). The motion for preliminary relief is subject to denial on this ground alone.

■ Equally compelling in reaching a decision to deny the injunction is Odette's failure to show irreparable injury. At oral argument on the motion the court repeatedly sought without success to elicit from counsel those aspects of the alleged injury which amount to irreparability. Counsel, apparently expecting the court to be swayed by the sounds of familiar chords was capable of no more than alluding to the echoes of the Southern civil rights struggle. Those crude references were not only irrelevant but discordant and offensive cacophony.

Odette claims in his complaint that without the preliminary injunction the value of his Tidal Marine stock will "dwindle in value to zero," ¶ 45. If this actually comes to pass and if plaintiff sustains his burden on the substantive merits of liability, his loss will be fully compensable by monetary damages. Sanders v. Air Line Pilots Assoc., International, *supra*. Plaintiff contends that the Second Circuit has limited the scope of the irreparability of injury requirement and in support of this theory he cites Studebaker Corp. v. Gittlin, 360 F. 2d 692 (1966), wherein Judge Friendly said (and plaintiff himself quotes this language) that plaintiff is "only" required to show that "unless an injunction is granted, the plaintiff will suffer harm which cannot be repaired." *Id.* at 698. Not only is this not a lessening of the standard, it is the very definition of "irreparable injury."

In order for Odette to prevail on the motion for a preliminary injunction, he

is required to "make a clear showing of probable success" Dopp v. Franklin National Bank, 461 F.2d 873, 878 (2d Cir. 1972). Moreover, petitioner's "inability to prove irreparable injury is in itself sufficient grounds for [denying] the grant of the preliminary injunction." *Id.* at 881–882.

The motion for a preliminary injunction is denied.

So ordered.